IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Latoya Seals, | ) |
| Plaintiff, | ) Civil Action File No.: |
| v. | ) |
| Caine & Weiner Company, Inc., | ) **COMPLAINT WITH** |
| | ) **JURY TRIAL DEMAND** |
| Defendant. | ) |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1. Plaintiff, Latoya Seals, is a natural person who resides in Fulton County, Georgia.

2. Defendant, Caine & Weiner Company, Inc., is a corporation formed under the laws of the State of California. It does business, but is not registered, in

1

Georgia. Defendant may be served with process via its registered agent, Greg A Cohen at 5805 Sepulveda Blvd, 4th Floor, Sherman Oaks, California 91411-2532.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the events described herein occurred in Fulton County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a car insurance policy and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant's principal business is the collection of consumer accounts for its commercial benefit. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant had placed negative account information on Plaintiff's credit report.

13. In August of 2020, Plaintiff called Defendant in response to the credit reporting information.

14. When Plaintiff identified herself on the phone call, the Defendant's representative told Plaintiff the account was for an unpaid insurance bill.

15. During the phone call, Plaintiff advised Defendant that she could not receive phone calls between 8:30 a.m. and 5:00 p.m. because she was caring for her elderly mother during those hours.

16. Plaintiff did seek to bar the Defendant from calling her at any hour otherwise permitted by law; for example, between 5:00 p.m. and 9:00 p.m.

17. Defendant received her request and told Plaintiff the case was in active collection and Plaintiff would still receive calls.

18. Defendant's statement that it was unable to honor Plaintiff's request to not receive phone calls was a false, deceptive, and misleading communication which implied that Defendant was going to continue phone calls to Plaintiff which Defendant did not have the legal right to make.

19. Also during the phone call, Defendant informed Plaintiff that there would be a twenty-five dollar ($25.00) "convenience charge" required for any payment made to Defendant on the debt.

20. A $25.00 convenience fee for each payment was not authorized by the agreement creating the original debt.

21. Plaintiff has paid the $25.00 convenience fee.

22. Defendant's statements that a $25.00 convenience fee for each payment were unfair and unconscionable attempts to collect fees from Plaintiff which were not authorized.

23. Defendant's false, deceptive, or misleading representations and means in connection with the collection of the alleged debt caused Plaintiff anxiety and worry that she would receive phone calls while she was caring for her mother, fear that she would be forced to pay more fees than authorized by her original agreement, and Plaintiff had to take time to seek legal counsel about the misleading statements made by Defendant.

## **INJURIES-IN-FACT**

24. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

25. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

26.   Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

27.   Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt which caused Plaintiff a concrete and particularized injury in the form of anxiety and worry that she would receive phone calls during working hours which would cause her to lose her job and uncompensated time and expenses spent seeking legal counsel about Defendant's misrepresentations.

28.   Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA and the concrete and particularized injuries described above, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## **DAMAGES**

29.   As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry due to concerns about if she might be receiving phone calls during inconvenient hours and being forced to pay additional fees to settle her debt.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

*Violations of 15 U.SC. § 1692e and its subparts*

31. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

32. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

33. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

34. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

35. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

36. Defendant's statements that it could not prevent phone calls to Plaintiff during inconvenient times after Plaintiff's notice to Defendant were false, deceptive, and misleading actions.

37. Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(5), and e(10) among others.

***Violations of 15 U.SC. § 1692f and its subparts***

38. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived weaknesses/fear/lack of sophistication of the Plaintiff.

39. Defendant's attempts to collect fees unauthorized by the agreement which created the debt were unfair and unconscionable.

40. Defendant's behavior violated 15 U.S.C. § 1692f and f(1).

41. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount

42. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, *et seq.*

43. Plaintiff incorporates by reference paragraphs 1 through 42 as though fully stated herein.

44. O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

45. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

46. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

47. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

48. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

49. Defendant's conduct has implications for the consuming public in general.

50. Defendant's conduct negatively impacts the consumer marketplace.

51. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

52. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

53. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

54. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

55. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

56. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

57. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 28th day of August, 2020.

        **BERRY & ASSOCIATES**
        */s/ Matthew T. Berry*
        Matthew T. Berry
        Georgia Bar No.: 055663
        *matt@mattberry.com*
        2751 Buford Highway, Suite 600
        Atlanta, GA 30324
        Ph. (404) 235-3300
        Fax (404) 235-3333

        */s/ Chris Armor*
        Christopher N. Armor
        Georgia Bar No. 614061
        P.O. Box 451328
        Atlanta, GA 31145
        Phone 470-990-2568
        Fax 404-592-6102
        *chris.armor@armorlaw.com*
        Plaintiff's Attorneys